NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JENNIFER R. JACOBS (Cal. Bar No. 157609)
CHUNG H. HAN (Cal. Bar No. 191757)
Assistant United States Attorneys
      Federal Building, Suite 7516
      300 North Los Angeles Street
      Los Angeles, California 90012
      Telephone: (213) 894-6167 (Jacobs)/x0474 (Han)
      Facsimile: (213) 894-7819
      E-mail: Jennifer.Jacobs3@usdoj.gov/Chung.Han@usdoj.gov

Attorneys for Defendant
Richard V. Spencer, Secretary of the Navy

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CHRISTINA V. LE,<br><br>      Plaintiff,<br><br>      v.<br><br>RICHARD V. SPENCER, in his official capacity as Secretary of the Navy,<br><br>      Defendant. | No. 5:18-cv-1564-JGB-SP<br><br>DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) AND FED. R. CIV. P. 8 AND TO STRIKE UNDER FED. R. CIV. P. 12(f); MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Hearing Date:  November 5, 2018<br>Hearing Time:  9:00 a.m.<br>Location:      Courtroom 1<br>            United States Courthouse<br>            3470 Twelfth St.,<br>            Riverside, CA 92501-3801<br><br>The Honorable Jesus G. Bernal<br>United States District Judge |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2  **I.   INTRODUCTION**

3        On September 24, 2018, Richard V. Spencer, in his official capacity as Secretary

4  of the Navy ("Defendant"), moved to dismiss Christina Le's ("Plaintiff") Complaint

5  under Federal Rules of Civil Procedure Rule 12(b)(1) and Rule 8, and to strike portions

6  of Plaintiff's complaint under Rule 12(f).  Dkt. No. 11 ("Motion").  Defendant also

7  requested judicial notice of the U.S. Equal Employment Opportunity Commission

8  ("EEOC") administrative judge's November 7, 2016, order, and the Navy's acceptance

9  of the order.  *See* Dkt. No. 12.  Defendant accepted as true the Office of Federal

10  Operations ("OFO") decisions attached as exhibits to Plaintiff's Complaint.  Defendant

11  referred the Court to these documents to demonstrate which events had been

12  administratively exhausted.[1]  *See* Motion at 7:1-8:10.  Defendant explained that the

13  Court lacked subject matter jurisdiction over any allegations or events outside of these

14  exhausted events.

15        On October 10, 2018, Plaintiff filed her opposition to Defendant's motion.  Dkt.

16  No. 14.  As a preliminary matter, Plaintiff's assertion that Defendant's motion was

17  untimely is incorrect.  Opp. at 1:4-5.  The summons was issued on July 24, 2018.  Dkt.

18  No. 2.  Sixty days from that date was Saturday, September 22, 2018.  Under Fed. R. Civ.

19  P. 6(a)(1)(C), "the period continued to run until the end of the next day that is not a

20  Saturday, Sunday, or legal holiday."  Thus, Defendant's filing of the motion on Monday,

21  September 24, 2018, was timely.

22        More importantly, Plaintiff failed to understand the gravamen of Defendant's

23  motion relating to subject matter jurisdiction.  Plaintiff simply reargues her allegations

24  without addressing Defendant's argument that claims brought under Title VII of the

---

[1] Plaintiff asserts that "Defendant fails to identify whether it is a facial challenge or factual challenge that the Defendant seeks."  Dkt. No. 14 ("Opp.") at 7:15-16. Defendant, however, cited authority that a motion to dismiss under Fed. R. Civ. P. 12(b)(1) could be made based on extrinsic evidence.  Motion at 2:21-27.  By requesting judicial notice and citing to the settlement agreement attached to Plaintiff's prior district court complaint, Defendant was clearly making a factual challenge to jurisdiction.

1

1   Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of

2   1972 ("Title VII") provides the exclusive, preemptive, administrative and judicial

3   scheme for the redress of federal employment discrimination.  *Brown v. General Servs.*

4   *Admin.*, 425 U.S. 820, 832 (1976) ("Section 717(c) [codified at 42 U.S.C. §2000e-16(c)]

5   permits an aggrieved employee to file a civil action in a federal district court to review

6   his claim of employment discrimination."); *accord White v. Gen. Servs. Admin.*, 652

7   F.2d 913, 916 (9th Cir. 1981); *cf.* Opp. at 1:7-6:17.  And, only those allegations that have

8   been exhausted are properly before this Court.  *Brown*, 425 U.S. at 832 ("Initially, the

9   complainant must seek relief in the agency that has allegedly discriminated against

10  him."); *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995).  Thus, under established

11  law, claims, allegations and arguments that fall outside of these parameters must be

12  dismissed for lack of jurisdiction.

13          As explained in the moving brief, this Court lacks subject matter jurisdiction for

14  claims outside of Title VII, including Plaintiff's claims for constitutional violations and

15  breach of contract.  Defendant is simply requesting that the Court dismiss the Complaint

16  without prejudice and order Plaintiff to file a First Amended Complaint that only

17  includes exhausted claims and proper allegations.

18  **II.    ARGUMENT**

19          **A.    Allegations Regarding the EEOC, OFO, and the Administrative**
20                  **Process Should Be Dismissed With Prejudice and Stricken.**

21          Defendant requested that the Court dismiss Plaintiff's allegations against the

22  EEOC and its appellate body, the OFO.  Motion at 3:24-4:15.  Dismissal is proper

23  because this Court lacks subject matter jurisdiction for challenges made by an employee

24  of a third party, like Plaintiff, to the EEOC's processing of her claim.  *Ward v. EEOC*,

25  719 F.2d 311, 313 (9th Cir. 1983).  Here, Plaintiff did not sue the EEOC.  Even if

26  Plaintiff had sued the EEOC, her allegations would likely be dismissed.  In *Ward*, the

27  plaintiff sued the EEOC and his private sector employer separately.  *Id.* at 312.  The

28  Ninth Circuit affirmed dismissal in favor of both entities in separate opinions.  *Id.*  As to

                                                2

1   the EEOC, the Court found there was no express cause of action because "Congress did

2   not expressly create a cause of action against the EEOC by employees of third parties."

3   *Id.* at 313, *quoting* 42 U.S.C. §§ 2000e-1 to -17.  The Court concluded that "[o]nly

4   present or former employees of the EEOC (or applicants for employment) who allege an

5   unlawful employment practice committed by the EEOC as an employer may bring a

6   Title VII action against the EEOC." *Id.*  The Court also held that there was no implied

7   cause of action or review under the Administrative Procedure Act.  *Id.*

8        Plaintiff here is accusing the EEOC of constitutional violations.  *See* Complaint

9   ¶ 136; Opp. at 14:10-12; 15:27-16:11.  Because the EEOC is not a defendant, allegations

10  against the EEOC are improper.  As to the Secretary, Title VII is her exclusive means of

11  redress, and Plaintiff cannot bring a constitutional violation claim.  *Brown*, 425 U.S. at

12  832.  By failing to address *Brown*, and focusing on the right to bring constitutional

13  claims generally, Plaintiff misconstrues the Defendant's position, and general

14  constitutional law principles are inapposite.  *See* Opp. at 7:1-7; 11:25-12:12.  For

15  example, Plaintiff relies on *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir.

16  2000); however, that case addressed whether the plaintiffs could state a claim against a

17  municipality under 42 U.S.C. § 1983, which is clearly not at issue here.  *Id.*; Opp. at

18  14:1-5.  The plain language of § 1983 precludes actions against federal entities.  *See* 42

19  U.S.C. § 1983 (addressing "any State or Territory or the District of Columbia").

20       For these reasons and those presented in the moving brief, Defendant respectfully

21  requests that the Court dismiss Plaintiff's claims and allegations against the EEOC, the

22  OFO, their employees, and the administrative process.  Specifically, Defendant requests

23  that the Court order Plaintiff to refrain from reasserting the claims and allegations in

24  Complaint ¶¶ 12-14, 19-20, 38-62, 84, 91-106, 136-162 in any amended complaint.

25  **B.**   **Allegations Pertaining to Plaintiff's Prior District Court Complaint**

26        **Should Be Dismissed With Prejudice and Stricken.**

27       Plaintiff fails to address Defendant's argument that she had voluntarily waived

28  any events that predate the signing of the August 3, 2010, settlement agreement.  *See*

3

1  Motion at 5:1-7, *citing* EDCV14-0103-JCB (SPx), Dkt. 7 at 21.  Thus, allegations prior

2  to that date are improper in the current complaint.  Plaintiff instead argues that

3  "allegations pertaining to [her] prior district court Complaint of Breach of Settlement . . .

4  are related to the EEOC's violations of Due Process and Equal Protection."[2]  Opp. at

5  14:10-12.  Plaintiff then blames the EEOC administrative judge for allegedly failing to

6  "follow the law fully and fairly." *Id.* at 14:19-15:2.  Plaintiff's argument underscores

7  why dismissal of her Complaint is necessary.  Again, Plaintiff's focus on the EEOC is

8  improper because this Court lacks subject matter jurisdiction over claims and allegations

9  directed against the EEOC. *See supra.*  As Plaintiff herself states, this Court reviews her

10  claims *de novo*.  Opp. at 15:3-20.  Thus, her allegations concerning mistakes made by the

11  administrative judge or during the administrative process are irrelevant here.

12  Plaintiff also fails to address *Munoz v. Mabus*, 630 F.3d 856, 862-63 (9th Cir.

13  2010), which Defendant cited for the proposition that Congress did not intend to provide

14  a civil cause of action for a claim of breach of an EEO settlement agreement. *See*

15  Motion at 6:4-8.  Plaintiff instead cites two non-precedential and inapposite cases.

16  Plaintiff relies on *Ruedlinger v. Jarrett*, 106 F.3d 212 (7th Cir. 1997) and *Saksenasingh*

17  *v. Dept. of Educ.*, 126 F.3d 347 (D.C. Cir. 1997).  Opp. at 14:27-28.[3]

18  *Ruedlinger* is distinguishable because it involved a private entity defendant.

19  *Ruedlinger*, 106 F.3d at 213 (defining the "defendant-appellee" as "Robert L. Jarrett,

20  individually and d/b/a Jarrett Management Company").  As the Tenth Circuit explained

21  in declining to follow *Ruedlinger*, private entities are not subject to the Code of Federal

22  Regulations. *Lindstrom v. United States*, 510 F.3d 1191, 1194-95, n. 5 (10th Cir. 2007).

23  Rather, "a federal sector employee-complainant is limited in his remedies when he

24

25  [2] Plaintiff also asserts that it was "this Court's decision, not [her] request, to
26  transfer the case from Judge Fernando M. Olguin to Judge Jesus G. Bernal" pursuant to
   General Order 16-05.  Opp. at 14:10-18.  This assertion is nonsensical since the transfer
27  of this case, and the administration of the district court's caseload, is irrelevant to any of
   Plaintiff's claims.

   [3] Plaintiff cited these cases with the appellate case numbers.  Defendant cites to
28  the federal reporter.

alleges a breach of a Title VII agreement by a government agency" under 29 C.F.R. § 1614.504(a), and cannot "sue in federal court to enforce his settlement agreement." *Id.* at 1194. Instead, the complainant's remedy is to notify the EEOC Director, and either "request that the terms of the settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased." 29 C.F.R. § 1614.504(a). Here, Plaintiff's settlement agreement specifically incorporated § 1614.504. EDCV14-0103-JCB (SPx), Dkt. 7 at 22. In these circumstances, "Congress did not consent to being sued by federal employees to enforce settlement agreements reached as a result of Title VII discrimination claims, and thus a district court does not have subject matter jurisdiction over the suit." *Lindstrom*, 510 F.3d at 1195, *citing Frahm v. United States*, 492 F.3d 258, 262-63 (4th Cir. 2007).

Plaintiff's other citation is similarly unavailing. *Saksenasingh* is limited to its facts. There, the D.C. Circuit court found that the settlement agreement at issue specified that "[i]f the Agency fails to carry out this agreement ... the complaint may be reinstated." *Saksenasingh*, 126 F.3d at 348. The Circuit Court concluded that "[t]his provision entitled Appellant to a decision by the District Court judge or jury on the threshold question whether the Department had breached the agreement." *Cf. Hansson v. Norton*, 411 F.3d 231, 234-35 (D.C. Cir. 2005) (holding that the federal courts lacked subject matter jurisdiction over a claim for attorney's fees because it was a contractual claim, not one brought under Title VII).

As stated above, the settlement agreement Plaintiff signed specifically incorporated 29 C.F.R. § 1614.504; thus, Plaintiff's remedy was through the EEOC process, and not through the federal courts. Plaintiff also ignores *Munoz*, the binding authority in the Ninth Circuit, which unequivocally held:

> We now join our sister circuits in holding that Congress' waiver of sovereign immunity under Title VII does not extend to suits to enforce settlement agreements entered into without genuine investigation, reasonable cause determination, and conciliation efforts by the EEOC.

*Munoz*, 630 F.3d at 861-62, *citing Lindstrom,* 510 F.3d at 1195; *Frahm*, 492 F.3d at 262; and *Hansson*, 411 at 234-35.

Based on the above, and the reasons stated in the moving brief, Defendant respectfully requests that the Court dismiss with prejudice Plaintiff's allegations that predate the settlement agreement, and otherwise relate to the alleged breach of the settlement agreement.  Complaint ¶¶ 6-7, 63-66, 70, 75, 109.

## C.    Dismissal Is Warranted for Failure to Comply with Pleading Requirements.

Finally, Defendant requested that the Court dismiss without prejudice allegations contained in Complaint ¶¶ 70-74, 77-80, 82-85, 110-112 because they failed to comply with pleading requirements under Fed. R. Civ. P. 8.  This request was proper because the cited paragraphs alone fill up six pages.  Defendant respectfully requests that the Court order Plaintiff to limit each paragraph to one fact in any amended complaint.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

6

III.   **CONCLUSION**

For the foregoing reasons, and those presented in its moving brief, Defendant respectfully requests that the Court dismiss with prejudice those claims and allegations where it lacks subject matter jurisdiction.  Defendant further respectfully requests that the Court order Plaintiff to not include in an amended complaint improper claims and allegations.

Dated: October 22, 2018                    Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

*/s/--Chung H. Han*

JENNIFER R. JACOBS
CHUNG H. HAN
Assistant United States Attorneys
Attorneys for Defendant
RICHARD V. SPENCER, in his official
capacity as Secretary of the Navy