UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 18-1564 JGB (SPx) | Date | October 30, 2018 |
| Title | *Christina V. Le v. Richard V. Spencer* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) GRANTING in Part Defendant's Motion to Dismiss and (2) VACATING the November 5, 2018 Hearing (IN CHAMBERS)**

Before the Court is Defendant Richard V. Spencer's Motion to Dismiss. ("Motion," Dkt. No. 11.) The Court determines this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the briefs filed in support of, and in opposition to, the Motion, the Court GRANTS in part Defendant's motion to dismiss, DISMISSES Plaintiff's complaint with leave to amend, and VACATES the November 5, 2018 hearing.

## I.   BACKGROUND

On July 24, 2018, Plaintiff Christina V. Le filed a complaint against Defendant Richard V. Spencer, Secretary of the Navy. ("Complaint," Dkt. No. 1.) The Complaint alleges five causes of action: (1) discrimination based on race, national origin, color, and sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e, et seq. ("Title VII"); (2) retaliation under Title VII; (3) hostile work environment under Title VII; (4) disability discrimination in violation of the American with Disabilities Act of 1990, 40 U.S.C. § 12101, et seq.; and (5) age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 612, et seq. (Complaint.) Defendant filed the Motion on September 24, 2018. (Dkt. No. 11.) Plaintiff opposed on October 10, 2018. (Dkt. No. 14.) Defendant replied on October 22, 2018. (Dkt. No. 18.)

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Therefore, a plaintiff must allege with at least some degree of particularity the overt acts which the defendants engaged in that support plaintiff's claim. Id. Dismissal is appropriate where the complaint fails to meet the requirements of Rule 8. The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit"; Rule 8's requirements "appl[y] to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

## III.  DISCUSSION

Defendant moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6). He also moves to strike certain matters from the pleading under Rule 12(f). Because the Court dismisses the entirety of the Complaint under Rule 8(a), it does not reach Defendant's Rule 12 motions and denies them, without prejudice, as moot.

Plaintiff is a sixty-six year old Asian-American woman who worked as a civilian electronic engineer for the United States Navy between 1991 and 2016. (Compl. ¶¶ 4-5.) Her dispute with her employer appears to have begun in 2008 during a conflict with her supervisor, which led her to file a complaint with the Equal Employment Opportunity Commission ("EEOC") in May 2009. (Compl. ¶ 6.) This was just the beginning a long and convoluted series of proceedings before the EEOC and appeals to the Office of Federal Operations ("OFO"), which appear to have been further complicated by Le's medical difficulties, alleged retaliation against Le for filing an EEOC complaint, and alleged failure of Le's employer to comply with the terms of a settlement agreement.

Unfortunately, along with what may be the grounds of a plausible claim for relief, Plaintiff has also presented, in extreme detail, a jumbled and often impenetrable account of nearly a decade of administrative proceedings, interpersonal slights, quotidian workplace disputes, and other grievances that are seemingly irrelevant to her legal claims. The result is a Complaint which is so "verbose, confused, and redundant that its true substance…is well disguised." Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965).

The Court finds that Plaintiff's complaint does not meet the requirements of Rule 8. "It is the right and duty of a plaintiff initiating a case to file a 'short and plain statement of the claim.'" Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1127 (9th Cir. 2008). This should include "clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). While length alone is not be sufficient grounds for dismissal under Rule 8, Hearns, 530 F.3d at 1131, the purposes of the Rule's requirement of "simplicity, directness, and clarity" are defeated

by pleadings which contain "prolix evidentiary averments" that are "largely irrelevant or of slight relevance…" McHenry, 84 F.3d at 1178.  Thus, Rule 8 may be violated by a pleading that is "needlessly long … highly repetitious, or confused, or consisted of incomprehensible rambling." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058-59 (9th Cir. 2011). Here, the length, complexity and lack of organization of Plaintiff's Complaint, coupled with the inclusion of numerous irrelevant details and the absence of a clear statement of Plaintiff's claims, render it so confusing that it fails to give Defendant fair notice regarding the nature of the claims alleged.

The court therefore GRANTS Defendant's motion to dismiss for failure to comply with Rule 8's pleading requirements.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for failure to comply with Rule 8 is GRANTED.  Plaintiff's Complaint is DISMISSED and Plaintiff is granted leave to amend. Any amended complaint must be filed by November 19, 2018.  Defendant's motions to strike and to dismiss the Complaint under Fed. R. Civ. P. 12 are DENIED without prejudice.  The November 5, 2018 hearing is VACATED.

**IT IS SO ORDERED.**