NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JENNIFER R. JACOBS (Cal. Bar No. 157609)
CHUNG H. HAN (Cal. Bar No. 191757)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6167 (Jacobs)/x0474 (Han)
    Facsimile: (213) 894-7819
    E-mail: Jennifer.Jacobs3@usdoj.gov/Chung.Han@usdoj.gov

Attorneys for Defendant
Richard V. Spencer, Secretary of the Navy

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CHRISTINA V. LE,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD V. SPENCER, in his official capacity as Secretary of the Navy,<br><br>    Defendant. | No. 5:18-CV-1564-JGB-SP<br><br>NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 8(a); MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Proposed Order filed concurrently herewith]<br><br>Hearing Date: January 7, 2019<br>Hearing Time: 9:00 a.m.<br>Location: Courtroom 1<br>    United States Courthouse<br>    3470 Twelfth St.,<br>    Riverside, CA 92501-3801<br><br>The Honorable Jesus G. Bernal<br>United States District Judge |

TO THE HONORABLE COURT AND PLAINTIFF:

PLEASE TAKE NOTICE that, on January 7, 2019, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1 of the George E. Brown, Jr. Federal Building and Courthouse, located at 3470 Twelfth Street Riverside, CA 92501-3801, before the Honorable Jesus G. Bernal, United States District Judge, Richard Spencer, in his official capacity as Secretary of the Navy ("Secretary") will, and hereby does, move to dismiss Christina Le's ("Plaintiff") First Amended Complaint under Federal Rules of Civil Procedure Rules 12(b)(1) and 8(a).[1]

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the files and records in this case, and such other evidence or argument as the Court may consider.

This motion is made following the conference of the parties pursuant to L.R. 7-3, which was initiated on November 26, 2018.

Dated: December 3, 2018

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

/s/--*Chung H. Han*

JENNIFER R. JACOBS
CHUNG H. HAN
Assistant United States Attorneys
Attorneys for Defendant
RICHARD V. SPENCER, in his official capacity as Secretary of the Navy

---

[1] All statutory references herein are to the Federal Rules of Civil Procedure.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL BACKGROUND AND INTRODUCTION

Plaintiff, a former civilian electronic engineer for the United States Navy, filed her initial Complaint on July 24, 2018, against the Secretary. Dkt. No. 1. On September 24, 2018, the Secretary moved to dismiss the Complaint under Rules 12(b)(1) and 8(a), and to strike under Rule 12(f). Dkt. No. 11. Plaintiff opposed the motion on October 10, 2018, and the Secretary replied on October 22, 2018. Dkt. Nos. 14, 18. On October 30, 2018, the Court granted the Secretary's motion under Rule 8, stating:

> Unfortunately, along with what may be the grounds of a plausible claim for relief, Plaintiff has also presented, in extreme detail, a jumbled and often impenetrable account of nearly a decade of administrative proceedings, interpersonal slights, quotidian workplace disputes, and other grievances that are seemingly irrelevant to her legal claims. The result is a Complaint which is so "verbose, confused, and redundant that its true substance…is well disguised." Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965).

Dkt. No. 19 ("Order") at 2. The Court dismissed the Complaint with leave to amend, and denied the Secretary's Rule 12 motion without prejudice. Id. at 3.

Plaintiff filed a First Amended Complaint ("FAC") on November 19, 2018. Dkt. No. 22. The FAC, however, is often as jumbled and impenetrable as the initial Complaint. The same allegations of "administrative proceedings, interpersonal slights, and quotidian workplace disputes" reappear in the FAC. The Secretary therefore moves to dismiss with prejudice Plaintiff's allegations against him as to any constitutional violations, unexhausted allegations, breaches of an August 2010 settlement agreement, and claims and allegations against the Equal Employment Opportunity Commission ("EEOC") and the EEOC appellate division, Office of Federal Operations ("OFO"), for lack of subject matter jurisdiction under Rule 12(b)(1). The Secretary respectfully requests that the Court dismiss the remainder of the FAC without prejudice under Rule 8(a), and order Plaintiff to allege only those events that have been administratively

1

exhausted. In order to have some coherence to Plaintiff's allegations which span a long period of time, the Secretary respectfully requests that the Court order Plaintiff to present her allegations in chronological order in the Second Amended Complaint.

## II.     ARGUMENT

### A. Claims and Allegations as to the EEOC, OFO, the Administrative Process, and Constitutional Violations Should Be Dismissed With Prejudice.

The Secretary previously moved to dismiss claims and allegations against the EEOC Administrative Judge, the EEOC in general, and the OFO with prejudice for lack of subject matter jurisdiction. Dkt. No. 11 at § III.A. In granting the Secretary's motion to dismiss, the Court denied that portion of the motion as moot and without prejudice. Order at 2. In the FAC, Plaintiff again focuses on the administrative process, occupying over five pages and 20 paragraphs to claims against these administrative tribunals. See FAC ¶¶ 102-122. Plaintiff accuses the EEOC Administrative Judge of violating the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments of the U.S. Constitution, "ignor[ing] material facts and fail[ing] to follow the law and binding precedent fully and fairly," among other alleged errors. FAC ¶¶ 102, 108-118. She accuses the OFO of "erroneously and biasedly constru[ing] the law," "conspir[ing] with the Agency (Navy)" to violate "the law on Ex Parte Communication," allowing a "time-barred Agency Response," and "disregard[ing] material facts to unjustly rule against Plaintiff." FAC ¶¶ 103-106.

Dismissal of these claims is proper because this Court lacks subject matter jurisdiction for challenges made by an employee of a third party, like Plaintiff, to the EEOC's processing of her claim. Ward v. EEOC, 719 F.2d 311, 313 (9th Cir. 1983). Here, Plaintiff did not sue the EEOC. She solely sued the Secretary of the Navy for Title VII claims. Thus, Title VII is her exclusive means of redress, and Plaintiff cannot bring a constitutional violation claim against the Secretary. Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976) (Title VII provides the exclusive, preemptive, administrative and judicial scheme for the redress of federal employment discrimination). Plaintiff, however, alleges that the Secretary's "laptop seizure violated [her] Constitutional rights,

the Fourth Amendment, regarding Search and Seizure of property." FAC ¶ 97. The Secretary requests that the Court dismiss with prejudice any allegations of constitutional violations against him. Further, as described below, Plaintiff's claims against the Secretary are prescribed to those events that had been administratively exhausted. Brown, 425 U.S. at 832; 42 U.S.C. § 2000e–16(c). Thus, only Title VII claims against the Secretary that had been administratively exhausted are proper in this lawsuit. Claims and allegations against the EEOC and OFO are improper.

Even if Plaintiff had sued the EEOC, her claims would likely be dismissed. In Ward, the plaintiff sued the EEOC and his private sector employer separately. 719 F.2d at 312. The Ninth Circuit affirmed dismissal in favor of both entities in separate opinions. Id. As to the EEOC, the Circuit found "Congress did not expressly create a cause of action against the EEOC by employees of third parties." Id. at 313, quoting 42 U.S.C. §§ 2000e-1 to -17. Ward concluded that "[o]nly present or former employees of the EEOC (or applicants for employment) who allege an unlawful employment practice committed by the EEOC as an employer may bring a Title VII action against the EEOC." Id. The Court also held that there was no implied cause of action or review under the Administrative Procedure Act. Id. Under Ward, Plaintiff's attempt to sue the EEOC and OFO for the processing of her EEOC claim falls squarely within this jurisdictional bar, and her claims against the EEOC and OFO in this lawsuit, where they had not even been named as defendants, should be dismissed with prejudice.

In addition to legal claims directed towards the EEOC and OFO, Plaintiff labels a section of the FAC "EEOC Administrative Process." FAC ¶¶ 18-27. In this section, Plaintiff alleges that the "Agency fragmented" certain issues before the 7-day EEOC hearing in July and August 2015; that she had to request assistance from the EEOC Chairwoman and Senators Boxer and Feinstein in July 2016 "to help make inquiry as to why the [Administrative Judge] did not issue the long-overdue final decision;" and outlines the administrative proceedings resulting from the Administrative Judge's November 7, 2016 decision. See id. This Court, however, referred to the "long and convoluted series of proceedings" before the EEOC and appeals to the OFO as a reason

why the Secretary's motion to dismiss the original Complaint should be granted. Order at 2. In spite of this admonition, Plaintiff repeats these allegations nearly verbatim. Cf. FAC ¶¶ 18-27; Complaint ¶¶ 12-14, 19-22.

The only possible relevance allegations against the EEOC and OFO could have in this lawsuit would be on the question of administrative exhaustion. The Secretary, however, does not dispute that Plaintiff exhausted her administrative remedies as to certain claims in order to bring suit before this Court. In fact, the Secretary requested that the Court take judicial notice of administrative rulings in order to demonstrate which claims had been exhausted. Dkt. No. 12. The reasserted allegations in the FAC regarding the administrative process, therefore, can only serve to support Plaintiff's improper claims against these administrative tribunals. As explained above, this Court lacks jurisdiction over Plaintiff's claims against the EEOC and OFO.

Based on the foregoing, the Secretary respectfully requests that the Court dismiss with prejudice Plaintiff's claims and allegations against the EEOC and the OFO, and the administrative process as found in FAC ¶¶ 18-27, 102-122, in addition to the alleged constitutional violation against the Secretary in FAC ¶ 97 under Rule 12(b)(1).

### B. Unexhausted Allegations and Allegations of Alleged Breach of the Settlement Agreement Should Be Dismissed With Prejudice.

As the Secretary explained in his motion to dismiss, Plaintiff administratively exhausted the following 16 events, and only these events are properly before the Court:

1. On July 31, 2011, supervisor Greg Johnson gave Plaintiff an "acceptable," as opposed to an "excellent," performance evaluation; on August 22, 2011, Mr. Johnson notified her that she would be receiving a "zero pay raise" for the upcoming year; and James Watson gave her a negative performance assessment that affected her overall performance evaluation resulting in a zero pay raise;

2. On October 25, 2011, Mr. Johnson gave Plaintiff a Performance Expectation Module (PEM) that changed her tasks and assignments;

3. On February 6, 2012, Mr. Johnson moved Plaintiff to a much smaller office than her previous office;

       4. On April 11, 2012, Mr. Johnson demanded Plaintiff complete a task within one hour when it required more time to complete, and during a week when Plaintiff was on full-time sick leave for three days;

       5. Whether the Agency improperly processed Plaintiff's EEO complaint, including her request to file amendments and request for official time and/or personal time to complete processing of the amendments;

       6. On September 6 and 7, 2012, Plaintiff received a No-Pay-Raise final notice for the period of July 2011 through June 2012, from supervisor Eduardo Corpuz;

       7. On October 3, 2012, Quality Assurance (QA) Department Head Doug Sugg informed Plaintiff that he was reassigning her from a Department Staff Senior Engineer position to performing the duties of a lower level staff engineer position and reporting to QA Branch Head Loretta Authement and/or Project Lead(s) under Ms. Authement's supervision;

       8. On October 12, 2013, Mr. Sugg informed Plaintiff that she was receiving a "No-Pay-Raise" notice for the period of July 2012 through June 2013;

       9. On October 2, 2013, Mr. Sugg cancelled Plaintiff's telework agreement;

       10. On November 25, 2013, Ms. Authement denied Plaintiff's request for Leave Without Pay (LWOP) as reasonable accommodation for her mental disability; on December 3, 2013, Ms. Authement issued a Letter of Reprimand for being absent from work; on December 11, 2013, Ms. Authement issued a Notice of Proposed Suspension for five days for being absent from work; on January 6, 2014, QA10 Division Head Stephen Gaal notified Plaintiff that she had to serve the five-day suspension during the week of January 11-15, 2014; and

       11. On January 17 and 24, 2014, Ms. Authement demanded Plaintiff show up to work to attend training courses after Plaintiff had requested LWOP; after Plaintiff returned to work, Ms. Authement charged Plaintiff Absent Without Leave (AWOL) for January 16, 17, and 27-31, 2014.

Dkt. No. 12 (RJN, Ex. 1 at 1-3).

In addition to the issues adjudicated by the Administrative Judge, Plaintiff also exhausted four other events identified in the second OFO decision:

    1. On October 17, 2015, Plaintiff's Department Head denied her request for LWOP and charged her with indefinite AWOL;

    2. On December 7, 2015, Plaintiff received a Notice of Proposed Removal;

    3. On March 1, 2016, Agency officials seized her laptop; and

    4. On May 9, 2016, the Deputy Technical Director issued a removal decision letter. Dkt. No. 1 at 65.

Only the exhausted events listed above are properly before this Court. Brown, 425 U.S. at 832. The date range for these events begins on July 31, 2011, and ends with the issuance of the removal letter on May 9, 2016. The FAC, however, begins with complaints "[a]round 2008, when management allowed cronyism and harassments to develop and the work environment became increasingly hostile as [Plaintiff's] boss, Mr. Tadros, wanted to give [her] job to his favorite employee…" FAC ¶ 6. Allegations predating July 31, 2011, however, have not been exhausted, and the Court lacks subject matter jurisdiction over these allegations. Vinieratos v. U.S., Dep't of Air Force, 939 F.2d 762, 768-69 (9th Cir. 1991).

Further, Plaintiff entered into a settlement agreement with the Secretary on August 3, 2010, wherein she agreed to "release the Navy from all claims or demands she may or might have arising out of her agreement with the Navy occurring prior to the effective date of this Agreement." Dkt. No. 23 at 5 (Plaintiff's request for judicial notice). Thus, complaints that predate August 3, 2010, have been explicitly waived and are improper as well as irrelevant since these allegations involve different officials. The Secretary respectfully requests that the Court dismiss with prejudice events predating July 31, 2011, because this is the date of the first exhausted event. In addition, Plaintiff explicitly waived events prior to August 3, 2010 when she executed the settlement agreement.

Plaintiff also alleges that the Secretary breached a provision of the settlement agreement. FAC ¶ 43. Plaintiff, however, cannot bring a claim for any alleged breach.

Munoz v. Mabus, 630 F.3d 856, 862-63 (9th Cir. 2010) (Congress did not intend to provide a civil cause of action for a claim of breach of an EEO settlement agreement). The Secretary therefore requests that the Court dismiss with prejudice any allegations of breach of the settlement agreement under Rule 12(b)(1).

Based on the foregoing, the Secretary respectfully requests that the Court dismiss with prejudice Plaintiff's allegations of unexhausted events and of alleged breach of the settlement agreement as found in FAC ¶¶ 6-7 and ¶ 43 under Rule 12(b)(1).

### C. The Remainder of the FAC Should Be Dismissed Without Prejudice Under Rule 8(a).

The Secretary requests that the Court dismiss the remainder of the FAC not identified above without prejudice. In the Second Amended Complaint, the Secretary respectfully requests that the Court order Plaintiff to present her allegations in chronological order, which would add clarity to Plaintiff's allegations instead of the current organization into subject areas. For example, Plaintiff's "Introduction" lists complaints beginning in 2008, and spans eight years to when she was issued a letter of removal on March 9, 2016. See FAC ¶¶ 4-17. These allegations are then repeated in different sections of the FAC pertaining to specific individuals. Cf., e.g., FAC ¶ 10 to ¶¶ 37-41, 50-53, 69. Further, this lack of organization, coupled with the length of the FAC (134 paragraphs in 28 pages) violates Rule 8 as the Court has previously found. Order at 3, citing Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058-59 (9th Cir. 2011) ("Thus, Rule 8 may be violated by a pleading that is 'needlessly long … highly repetitious, or confused, or consisted of incomprehensible rambling.").

The FAC also violates Rule 8 because it contains "prolix evidentiary averments" garnered during the many years of litigation of Plaintiff's administrative complaints. See Order at 3, citing McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Instead of abiding by Rule 8's "clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence" (id.), Plaintiff inserts arguments into the FAC. See, e.g., FAC ¶ 42 (quoting extensively from Mr. Johnson's "declaration");

¶ 43 (citing testimony of "QA Department Administrative Officer Jeannette Sellarole"); ¶ 51 (citing Mr. Johnson's testimony); ¶ 52 (citing EEOC hearing testimony of "Readiness Assessment DH James Watson"); ¶ 66 (citing Mr. Corpuz's testimony); ¶ 72 (citing Mr. Sugg's hearing testimony). These references serve only as arguments why Plaintiff believes she is entitled to relief. Such arguments are improper in an initial pleading. See Order at 2-3. Based on the above, the Secretary respectfully requests that the Court dismiss the remainder of the FAC under Rule 8(a).

## III. CONCLUSION

For the foregoing reasons, the Secretary respectfully requests that the Court dismiss with prejudice claims and allegations against the EEOC and OFO, the Secretary's alleged constitutional violations, unexhausted allegations, and alleged violations of the August 3, 2010, settlement agreement for lack of subject matter jurisdiction under Rule 12(b)(1).

The Secretary also respectfully requests that the Court dismiss the remainder of the FAC without prejudice, and order Plaintiff to only allege those events that had been administratively exhausted. The Secretary also requests that the Court order Plaintiff to present her allegations in chronological order, and refrain from inserting argument in the amended complaint.

Dated: December 3, 2018

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

/s/--Chung H. Han
JENNIFER R. JACOBS
CHUNG H. HAN
Assistant United States Attorneys
Attorneys for Defendant
RICHARD V. SPENCER, in his official capacity as Secretary of the Navy