NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JENNIFER R. JACOBS (Cal. Bar No. 157609)
CHUNG H. HAN (Cal. Bar No. 191757)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6167 (Jacobs)/x0474 (Han)
    Facsimile: (213) 894-7819
    E-mail: Jennifer.Jacobs3@usdoj.gov/Chung.Han@usdoj.gov

Attorneys for Defendant
Richard V. Spencer, Secretary of the Navy

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CHRISTINA V. LE,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD V. SPENCER, in his official capacity as Secretary of the Navy,<br><br>    Defendant. | No. 5:18-cv-01564-JGB-SP<br><br>REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 8(a); MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Hearing Date:  January 7, 2019<br>Hearing Time:  9:00 a.m.<br>Location:        Courtroom 1<br>                 United States Courthouse<br>                 3470 Twelfth St.,<br>                 Riverside, CA 92501-3801<br><br>The Honorable Jesus G. Bernal<br>United States District Judge |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

On December 3, 2018, the Secretary moved to dismiss certain claims and allegations with prejudice in the FAC that lack subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Dkt. No. 25. Specifically, the Secretary requested that the Court dismiss claims and allegations against the EEOC and OFO (FAC ¶¶ 18-27, 102-122), a Fourth Amendment violation allegation against the Secretary (FAC ¶ 97), a claimed breach of Plaintiff's 2010 settlement agreement against the Secretary (FAC ¶ 43), and unexhausted allegations (FAC ¶¶ 6-7). The Secretary requested that the Court dismiss the remainder of the FAC without prejudice under Fed. R. Civ. P. 8(a). The Secretary also requested that the Court order Plaintiff to present her allegations in chronological order, and to refrain from inserting argument, in any amended complaint.

In response to the Secretary's motion, Plaintiff filed a 22-page opposition on December 17, 2018 (Dkt. No. 27), which encapsulates the Court's description of Plaintiff's initial complaint as containing an "impenetrable account of nearly a decade of administrative proceedings, interpersonal slights, quotidian workplace disputes, and other grievances." Dkt. No. 19 ("Order") at 2. The arguments presented in Plaintiff's opposition are convoluted and largely nonsensical, but more importantly, do not provide factual or legal substance in challenging the Secretary's motion.

For the following reasons, and those presented in the moving brief, the Secretary respectfully requests that the Court provide the requested relief as stated above.

## II.  ARGUMENT

### A. Certain Claims and Allegations Should Be Dismissed With Prejudice.

#### 1.  Claims and Allegations against the EEOC and OFO

Plaintiff admits that she did not sue the EEOC or OFO. Dkt. No. 27 ("Opp.") at 16:28 ("Defendant is correct that Ms. Le did not sue the EEOC for reliefs [*sic*]."). Thus, the Court need not consider any of Plaintiff's arguments as to these entities because Plaintiff's challenges to their actions are not before the Court. Thus, the majority of

1

Plaintiff's opposition can be disregarded. *See* Opp. at 6:25-10:27; 11:14-13:17; 16:13-17:21; 20:3-11.

In addition, even if Plaintiff requested, and the Court allowed, Plaintiff leave to amend the complaint to add the EEOC and OFO as defendants, there is no indication that they have waived their sovereign immunity, and their inclusion in this lawsuit would be defeated in a motion to dismiss. *See Ward v. EEOC*, 719 F.2d 311, 313 (9th Cir. 1983). This lack of jurisdiction makes sense. If every losing party could sue the EEOC and OFO, then the district courts would be deluged with such complaints.

In any event, Plaintiff's claims and allegations against the EEOC and OFO are indisputably improper in a Title VII case against the Secretary, and should be dismissed with prejudice.

### 2. Fourth Amendment Violation Claim Against the Secretary

It cannot be seriously disputed that the Secretary has waived sovereign immunity in employment discrimination cases for only those claims under Title VII, 42 U.S.C. § 2000e-16(c). *Brown v. General Servs. Admin.*, 425 U.S. 820, 832 (1976). Plaintiff, however, alleges that a "laptop seizure was a hostile action that violated the Agency's own policy as specified in the Removal letter dated March 9, 2016, in which the Agency instructed [Plaintiff] to contact [an agency official] within 10 calendar days . . . to make arrangements to return any ***government-owned property***," which Plaintiff construed as a Fourth Amendment violation. FAC ¶¶ 96-97 (emphasis added). Thus, not only does the Court lack subject matter jurisdiction over a constitutional violation against the Secretary in the employment context, but the laptop was not even Plaintiff's. It is nonsensical that the government could be liable for a Fourth Amendment violation when it is attempting to recover its own property. The Secretary respectfully requests that the Court dismiss Plaintiff's constitutional violation allegation with prejudice.

### 3. Claimed Breach of the 2010 Settlement Agreement

Plaintiff presents a long rambled analysis of the breach of contract claim. *See* Opp. at 13:17-16:12. Plaintiff, however, correctly cites *Munoz v. Mabus*, 630 F.3d 856, 862-63 (9th Cir. 2010) that "Congress' waiver of sovereign immunity under Title VII <u>does</u>

not extend to suits to enforce settlement agreements." Opp. at 14:9-11 (emphasis Plaintiff's). Thus, the parties agree that the Court lacks subject matter jurisdiction over a lawsuit challenging a breach of a settlement agreement.

Plaintiff further argues that "the 9th Circuit has no longer maintained *Munoz* [*sic*] reasoning for at least two of its recent cases concerning settlement agreements: *Kelly v. Wengler and Golden v. California Emergency Physicians Medical Group.*" *See* Opp. at 15:22-16:12. Plaintiff is incorrect. Neither case involved a breach of an EEO settlement agreement. *Kelly* involved a putative class action under 42 U.S.C. § 1983 regarding whether the private correctional facility defendants violated a dismissal order. *Kelly*, 822 F.3d 1085, 1090 (9th Cir. 2016). *Golden* addressed the question "whether California law prohibits a settlement agreement that may constrain a physician's freedom to practice medicine." *Golden*, 782 F.3d 1083, 1084 (9th Cir. 2015). Thus, these cases are inapposite and have no application to *Munoz*. Plaintiff's breach of settlement agreement allegation should be dismissed with prejudice.

### 4. Unexhausted Allegations

It is well established that the Court does not have subject matter jurisdiction over unexhausted allegations. *Vinieratos v. U.S. Dep't of Air Force*, 939 F.2d 762, 768-69 (9th Cir. 1991). Plaintiff does not challenge the Secretary's argument that unexhausted allegations should be dismissed with prejudice. Thus, unexhausted allegations should be dismissed with prejudice.

### B. The Remainder of the FAC Should Be Dismissed Without Prejudice.

Plaintiff does not challenge the Secretary's argument that the remainder of the FAC should be dismissed without prejudice other than noting that she reduced the number of pages between the complaints from 48 pages to 29 pages, "a reduction of 40%." Opp. at 21:14-18. Even with this reduction, the FAC remains "needlessly long," "highly repetitious," and "confused," thus violating Rule 8. *See* Order at 3, *citing Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011). As the Secretary noted, many of the same allegations are repeated in different parts of the FAC, which has been organized into subject areas. The Secretary therefore requests that the

1  Court order Plaintiff to present her allegations in chronological order.
2       As to the Secretary's request that Plaintiff refrain from inserting argument into any
3  amended complaint, Plaintiff counters that references to prior testimonies "serve only as
4  arguments why Plaintiff believes she is entitled to relief." Opp. at 21:19-25. This Court,
5  however, previously found that Rule 8 is violated when a complaint contains "prolix
6  evidentiary averments." Order at 3, *citing McHenry v. Renne*, 84 F.3d 1172, 1178 (9th
7  Cir. 1996). Thus, Plaintiff's "arguments" are improper in an initial pleading, and
8  Plaintiff should be limited to alleged facts.

## III.   CONCLUSION

For the foregoing reasons and those presented in its moving brief, the Secretary respectfully requests that the Court grant the requested relief.

Dated: December 21, 2018        Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

*/s/--Chung H. Han*
JENNIFER R. JACOBS
CHUNG H. HAN
Assistant United States Attorneys
Attorneys for Defendant
RICHARD V. SPENCER, in his official
capacity as Secretary of the Navy