UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 18-1564 JBG (SPx)** | Date | February 27, 2019 |
|---|---|---|---|
| Title | *Christina V. Le v. Richard V. Spencer* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Order (1) GRANTING in Part and DENYING in Part Defendant's Motion to Dismiss; (2) DISMISSING Plaintiff's FAC With Leave to Amend; and (3) VACATING the March 4, 2019 Hearing (IN CHAMBERS)**

Before the Court is Defendant Richard V. Spencer's Motion to Dismiss the First Amended Complaint. ("Motion," Dkt. No. 25.) The Court determines this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the briefs filed in support of, and in opposition to, the Motion, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss, DISMISSES Plaintiff's complaint with leave to amend, and VACATES the March 4, 2019 hearing.

## I.  BACKGROUND

On July 24, 2018, Plaintiff Christina V. Le filed a complaint against Defendant Richard V. Spencer, Secretary of the Navy. ("Complaint," Dkt. No. 1.) Defendant moved to dismiss the Complaint on September 24, 2018. (Dkt. No. 11.) The Court granted Defendant's motion on October 30, 2018 and dismissed the Complaint with leave to amend. (Dkt. No. 19.) Plaintiff then filed a First Amended Complaint on November 19, 2018. ("FAC," Dkt. No 22.) The FAC alleges five causes of action: (1) discrimination based on race, national origin, color, and sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e, et seq. ("Title VII"); (2) disability discrimination in violation of the American with Disabilities Act of 1990, 40 U.S.C. § 12101, et seq.; (3) age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 612, et seq.; (4) retaliation under Title VII; and (5) hostile work environment under Title VII. Defendant filed the present Motion on December 3, 2018. ("Motion," Dkt. No. 25.)

Plaintiff filed her opposition on December 17, 2018. ("Opposition," Dkt. No. 27.) Defendant replied on December 21, 2018. ("Reply," Dkt. No. 29.)

## II.   LEGAL STANDARD

Defendant moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(1). Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Therefore, a plaintiff must allege with at least some degree of particularity the overt acts which the defendants engaged in that support plaintiff's claim. Id. Dismissal is appropriate where the complaint fails to meet the requirements of Rule 8. The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit: Rule 8's requirements "appl[y] to good claims as well as bad, and [are] a basis for dismissal independent of Rule 12(b)(6)." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, without which a federal district court cannot adjudicate the case before it. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. Chandler v. State Farm. Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010.)

## III.   DISCUSSION

Le is a 66-year-old Asian-American woman who worked for the United States Navy as a civilian electronics engineer for several decades. (FAC ¶ 4.) This lawsuit concerns a series of disputes between Plaintiff and her employer which began in 2008. Defendant now moves to dismiss with prejudice all claims and allegations against the United States Equal Employment Opportunity Commission ("EEOC") and the Office of Federal Operations ("OFO") for want of subject matter jurisdiction under Rule 12(b)(1); to dismiss with prejudice all allegations which have not been administratively exhausted; to dismiss with prejudice all allegations related to breach of settlement agreement under Rule 12(b)(1); and to dismiss the remainder of the FAC without prejudice under Rule 8(a). The Court will consider each argument in turn.

**A.   Allegations Related to August 3, 2010 Settlement Agreement**

Plaintiff previously filed suit before this Court on January 15, 2018 in Le v. Mabus, EDCV 14-103 JGB (SPx). In that suit, Plaintiff's First Amended Complaint alleged that Defendant had breached the terms of their August 3, 2010 EEOC settlement agreement. (Id., Dkt. No. 7.) In that settlement agreement, Plaintiff agreed to "release the Navy from all claims or demands she may or night have arising out of her agreement with the Navy occurring prior to the effective date of this Agreement," including claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Rehabilitation Act, and the Equal Pay Act. ("Settlement

Agreement," Id., Dkt. No. 7 at 21.)  The Court subsequently granted Defendant's unopposed motion to dismiss the First Amended Complaint.  (Id., Dkt. No. 12.)

Defendant argues that, through the Settlement Agreement, Plaintiff has waived all claims arising from Defendant's conduct prior to August 3, 2010.  Having reviewed the settlement agreement, the Court agrees.  The Court finds that allegations in the FAC related to conduct arising prior to August 3, 2010 were explicitly and unambiguously waived by Plaintiff.  These claims are therefore improper except insofar as they relate to the administrative exhaustion of Plaintiff's claims.  See Dazadi, Inc. v. Sport Squad, LLC, No. 2:17-CV-00081-SVW-E, 2017 WL 5635019, at *4 (C.D. Cal. May 25, 2017) (giving effect to settlement agreement's unambiguous waiver of claims at motion to dismiss stage).

Additionally, Plaintiff alleges that Defendant breached a provision of the settlement agreement.  (FAC ¶ 43.)  However, the Court lacks jurisdiction over breaches of EEOC settlement agreements, as Congress has not waived sovereign immunity over such claims.  Munoz v. Mabus, 630 F.3d 856, 863 (9th Cir. 2010).  Such claims are improper before this Court and must be dismissed for want of jurisdiction.

The Court therefore GRANTS Defendant's Motion and DISMISSES all claims and allegations arising from Defendant's conduct which occurred prior to August 3, 2010 and all claims arising from Defendant's alleged breach of the Settlement Agreement.  These claims and allegations are DISSMISSED WITHOUT leave to amend.

**B.  Unexhausted Allegations**

Defendant argues that Plaintiff has only exhausted her administrative remedies with regards to events which she previously raised in her EEOC complaint and subsequent hearing before the EEOC.  (Mot. at 6.)  Those issues are summarized in the EEOC Administrative Judge's November 7, 2016 Decision, of which Plaintiff requested the Court take judicial notice on September 24, 2018.[1]  (Dkt. No. 12.)  Defendant moves for this Court to dismiss and strike all claims which were not previously raised before the EEOC, including FAC ¶¶ 6-7 and 52.  FAC ¶¶ 6-7 allege that "cronyism and harassment" in Plaintiff's work environment as well as the decisions of Plaintiff's supervisor to move her into a small shared office, to assign her excessive

---

[1] A court may take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court," or it is capable of accurate and ready determination by resort to sources whose "accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  A Court may take judicial notice of the existence of unrelated court documents but will not take notice of such documents for the truth of the matter asserted therein.  See Mejia v. EMC Mortg. Corp., 2012 WL 367364, at *6 (C.D. Cal. Feb. 2, 2012); see also Dornell v. City of San Mateo, 19 F. Supp. 3d 900, 904 (N.D. Cal. 2013) (taking judicial notice of documents EEOC initial complaint and related documents).  The Court therefore GRANTS Plaintiff's request for judicial notice of the EEOC Administrate Judge's decision.

tasks, and to excessively scrutinize her work, resulted in her "collapse" in 2010. (FAC ¶¶ 6-7.) Though somewhat opaque, FAC ¶ 52 appears to allege that, in August 22, 2011, James Watson unfairly denied Plaintiff's request for reconsideration of her supervisor's "zero pay raise" decision. (FAC ¶¶ 52.)

   Before bringing a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies. <u>Vinieratos v. U.S., Dep't of Air Force Through Aldridge</u>, 939 F.2d 762, 767–68 (9th Cir. 1991). However, district courts also have jurisdiction over any charges of discrimination that are "like or reasonably related to" the allegations made before the EEOC, as well as "charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." <u>Leong v. Potter</u>, 347 F.3d 1117, 1122 (9th Cir. 2003) (internal quotation marks and citation omitted). Additionally, while Title VII and the Rehabilitation Act include an administrative exhaustion requirement, the ADEA, EPA, and the ADA do not. <u>See</u>, <u>Boyd v. U.S. Postal Serv.</u>, 752 F.2d 410, 413 (9th Cir. 1985) (administrative exhaustion required for employment-related claims under the Rehabilitation Act); <u>Bartelt v. Berlitz School of Languages of America, Inc.</u>, 698 F.2d 1003, 1007 (9th Cir. 1985) (no administrative exhaustion is required under the EPA); <u>Botosan v. Paul McNally Realty</u>, 216 F.3d 827, 832 (9th Cir. 2000) (no exhaustion or notice requirement under the ADA). While there is no exhaustion requirement under the ADEA, a Plaintiff must "give the EEOC notice of intent to sue at least 30 days before filing suit," <u>Bankston v. White</u>, 345 F.3d 768, 770 (9th Cir. 2003).

   The Court finds that dismissal of FAC claims arising from the allegations in FAC ¶¶ 6-7 and ¶ 52 is not appropriate. While Plaintiff's FAC is not a model of clarity, the Court is not convinced that the allegations of overwork and transfer to a new office, resulting in Plaintiff's collapse, are cognizable only as claims brought under the Title VII and the Rehabilitation Act. Though the clarity of Plaintiff's FAC will be discussed in greater detail below, Section III(D), <u>infra</u>, Defendant does not argue that these allegations are inadequate to support claims under the ADA, EPA, or ADEA, and the Court cannot rule this out as a matter of law based on the briefing before it. Additionally, given that Plaintiff raised her supervisor's August 22, 2011 "zero pay raise" decision in her EEOC complaint, the Court finds that allegations in FAC ¶ 52 related to this "zero pay raise" decision are reasonably related to her EEOC complaint and therefore not barred for failure to exhaust. Accordingly, the Court DENIES Defendant's Motion to dismiss and strike FAC ¶¶ 6-7 and ¶ 52.

**C. Allegations Against EEOC and OFO**

   Though Plaintiff has only named the Secretary of the Navy as a defendant in this case, the FAC alleges that the EEOC Administrative Judge Dennis Carter and the OFO violated the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments by making legal and factual errors in reaching a decision in her proceedings and appeal, including "fail[ing] to follow the law and binding precedent fully and fairly…" (FAC ¶¶ 102-106, 108-118.) Defendants argue that the Court has no jurisdiction over challenges made by an employee of a third party and that these claims should therefore be dismissed under Federal Rule of Civil Procedure 12(b)(1). Defendant previously moved to dismiss these claims and allegations in his motion to dismiss the Complaint, (Dkt. 11.), but the Court denied these portions of Defendant's

motion as moot in light of its decision to dismiss all claims without prejudice under Rule 8(a). (Dkt. No. 19.)  The Court now GRANTS Defendant's Motion.  Though Plaintiff may seek district court review of claims which she exhausted before the EEOC, the Court lacks subject matter jurisdiction over constitutional claims against the EEOC brought by individuals who are not employees of the EEOC.  Ward v. EEOC, 719 F.2d 311, 313 (9th Cir. 1983).

Additionally, since Title VII is the exclusive mechanism for redress of federal employment discrimination, she may not properly bring separate claims that employment discrimination against her resulted in violations of her Constitutional rights.  Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976).  Further, the Court can find no precedent for the proposition that an employee may bring a claim against her employer for violations of the Fourth Amendment for seizure of a laptop provided to the employee as part of her employment, as alleged in FAC ¶¶ 15, 93, and 94.

Accordingly, the Court GRANTS Plaintiffs Motion and DISMISSES Plaintiff's claims against the EEOC and OFO for violation of the Equal Protection and Due Process Clauses of the Fifth and Fourteenth Amendments, as well as Plaintiff's claim against Defendant for violation of her Fourth Amendment rights, WITHOUT leave to amend.

### D.  Dismissal under Rule 8(a)

Defendant requests that the Court dismiss the remainder of the FAC under Federal Rule of Civil Procedure 8(a).  Rule 8(a) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint must be sufficient to give fair notice and state the elements of the complaint "plainly and succinctly."  Jones, 733 F.2d at 649.  Specifically, Defendant argues that Plaintiff's allegations lacks organization, is overlong and confusing, and contains "prolix evidentiary averments" arising during Plaintiff's protracted litigation of her complaints before the EEOC as well as extensive arguments as to why Plaintiff believes she is entitled to relief.  (Mot. at 7-8.)

The Court construes the pro se Plaintiff's pleadings liberally and affords her the benefit of the doubt and notes that Plaintiff has taken steps towards clarity in her FAC.  Hebbe v. Pliler, 627 F.3d 338, 341 (9th Cir. 2010) (courts are to interpret the pleadings of pro se litigants liberally and afford them the benefit of any doubt).  However, the FAC remains sodden with details and arguments which are irrelevant to Plaintiff's legal claims and is presented in a manner which makes it difficult to discern the factual basis of Plaintiff's causes of action. The result is that the FAC still fails to give Defendant fair notice regarding the nature of the claims against him. Accordingly, the Court GRANTS Defendant's Motion to dismiss the remainder of the Complaint WITH leave to amend.  Plaintiff may file an amended complaint, if any, before March 11, 2019.  If Plaintiff chooses to filed a further amended complaint, the Court strongly suggests that Plaintiff eliminate irrelevant details, present the factual allegations that serve as the basis of her complaint in chronological order, and clearly indicate which facts serve as the basis of each of her causes of action.

### IV.   CONCLUSION

      For the above reasons, the Court GRANTS Defendant's Motion to dismiss claims arising from alleged breaches of the August 3, 2010 settlement agreement, claims against the EEOC and OFO for violation of the Equal Protection and Due Process Clauses of the Fifth and Fourteenth Amendments, and Plaintiff's claim against Defendant for violation of her Fourth Amendment rights.  These claims are DISMISSED WITHOUT leave to amend. The Court DENIES Defendant's Motion to dismiss FAC ¶¶ 6-7 and 52 for lack of exhaustion.  The Court GRANTS Defendant's Motion to dismiss all claims under Rule 8(a) and DISMISSES them WITH leave to amend.  Any amended complaint must be filed before March 25, 2019.  The March 4, 2019 hearing is VACATED.

      **IT IS SO ORDERED.**